Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime Williams Kerper, Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
1615-A Montana Avenue
Santa Monica, CA 90403
Telephone:  (310) 394-5900
Facsimile:  (310) 394-9280

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SAM USAMAH KHULUSI<br><br>　　　　　Debtor | Case No. 2:22-bk-13980-VZ<br><br>Adv. No.: 2:22-ap-01190-VZ<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ABDALLAH FARRUKH, DAAD FARRUKH, BASSAM OMARI, KUMARAVEL PERUMALSAMY, AND BASSAM ZAHLAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SAM USAMAH KHULUSI,<br><br>　　　　　Defendant | Date: May 29, 2025<br>Time: 11:00 a.m.<br>Ctrm: 1368 |

i

**TO THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR AND DEFENDANT; AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that, pursuant to FRBP 56, LBR 7056 and FRCP 56, Defendant Sam Usamah Khulusi ("**Defendant**" or "**Debtor**"),  hereby respectfully moves this Court for summary adjudication of all the causes of action pled in the Third Amended Complain ("**TAC**") on file in the above-captioned adversary proceeding commenced by Abdallah Farrukh, Daad Farrukh, Bassam Omari, Kumaravel Perumalsamy, and Bassam Zahlan ("**Plaintiffs**") against the Debtor.

This motion (the "**Motion**") is being made on the grounds that, there are no genuine issues as to any material fact with regard to the allegations made against the Debtor in the TAC regarding the alleged diamond ring, vehicle transfer and deed of trust recorded against Debtor's residence, and the Debtor is entitled to judgment as a matter of law with regard to those claims against him Debtor under 11 U.S.C. § 727(a)(4)(A).

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the declaration of Sam Khulusi ("**Khulusi Decl**.") and *Plaintiff's Statement of Uncontroverted Facts & Conclusions of Law* ("**SUF**") filed concurrently herewith, and all pleadings, documents and records on file with this Court and upon such oral argument as may be necessary at the time of the hearing.

**PLEASE TAKE FURTHER NOTICE** that a hearing on this Motion shall be held on May 29, 2025 at 11:00 a.m. before the Honorable Vincent Zurzolo, in Courtroom "1368" at the U.S. Bankruptcy Court located at 255 E. Temple Street, Los Angeles, CA 90012.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 7056-1(c), any party objecting to the relief sought in the Motion must file written objections with the Bankruptcy Court and must serve such objections upon counsel listed above and the Office of the United States Trustee not later than 21 days before the date designated for hearing on this Motion.

WHEREFORE, Defendant prays that this Court enter an Order as follows:

1.  Granting the Motion in its entirety;

2.  Entering summary adjudication of the claims regarding the diamond ring, vehicle transfer and deed of trust alleged in the TAC in favor of the Debtor;

3.  Granting such other and further relief as the Court deems just and proper.

Dated:  April 17, 2025                LESLIE COHEN LAW, PC


                                      By:  /s/ Leslie A. Cohen
                                           Leslie A. Cohen
                                           Counsel for Debtor

NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND AND STATEMENT OF UNDISPUTED FACTS .................................2

    **A.**    Bankruptcy Case, Jurisdiction and Venue ................................................2

    **B.**    The Debtor ...................................................................................................3

    **C.**    The Plaintiffs ...............................................................................................3

    **D.**    This Adversary Case and Plaintiffs' Allegations .......................................3

    **E.**    The Transfer Of The Mercedes Occurred More Than 2 Years
    Pre-Petition ..................................................................................................4

    **F.**    The Diamond Ring........................................................................................4

    **G.**    The DOT ......................................................................................................5

III. ARGUMENT ....................................................................................................................7

    **A.**    Standard for Summary Adjudication ...........................................................7

    **B.**    Standard To Deny Discharge Under 11 U.S.C. § 727(a)(4) .......................8

    **C.**    The Debtor Is Entitled to Summary Adjudication In His Favor
    Relating To The Mercedes .........................................................................10

    **D.**    The Debtor Is Entitled to Summary Adjudication In His Favor
    Relating To The Diamond Ring ...................................................................10

    **E.**    The Debtor Is Entitled to Summary Adjudication In His Favor
    Relating To The DOT...................................................................................11

        ***1.***    The Omission Of The Recording Of The DOT
Within The 2 Years Pre-Petition From Debtor's Responses In The
SOFA Is Not Material..................................................................................12

        ***2.***    The Omission Was Not Made Knowingly............................13

        ***3.***    The Omission Was Not Made Fraudulently .......................13

IV. CONCLUSION ................................................................................................................14

NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION

# **TABLE OF AUTHORITIES**

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) .........................................7, 8

Barboza v. New Form, Inc. (*In re* Barboza), 545 F.3d 702, 707 (9th Cir.
    2008) ........................................................................................................................8

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ...........................................................7, 8

First National Bank of Arizona v. Cities Service Co., 391 U.S. 253 (1968) ....................8

In re Devers, 759 F.2d 751 (9th Cir. 1985)...................................................................10

In re Kohler, No. AP 12-01405-VK, 2016 WL 762458 (B.A.P. 9th Cir. Feb.
    25, 2016) ................................................................................................................13

In re Lewis, 551 B.R. 41 (Bankr. E.D. Cal. 2016).............................................................9

In re Martinez, 500 B.R. 608 (Bankr. N.D. Cal. 2013) ...................................................13

In re Pynn, 546 B.R. 425 (Bankr. C.D. Cal. 2016).........................................................14

In re Retz, 364 B.R. 742 (Bankr. D. Mont. 2007) ......................................................9, 12

In re Tiscareno, 551 B.R. 1 (Bankr. N.D. Cal. 2016).....................................................13

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) ...............8

Retz v. Samson (In re Retz), 606 F.3d 1189 (9th Cir.2010)................................9, 10, 13

U.S. *ex rel.* Anderson v. N. Telecom, Inc., 52 F.3d 810, 815 (9th Cir. 1995) ..................8

**Statutes**

11 U.S.C. § 727(a)(4)(A) ...............................................................................................8

Cal. Fam. Code § 770 ..................................................................................................11

**Rules**

Bankruptcy Rule 7056 ........................................................................................... ii, 7, 8

Fed. R. Civ. P. 56 ................................................................................................... ii, 7, 8

Federal Rules of Bankruptcy Procedure (FRBP) 7001 .................................................2

NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION

# I. INTRODUCTION

The Third Amended Complaint ("TAC") in this action seeks denial of Debtor's discharge under Bankruptcy Code Section 727(a)(4), on the theory that Debtor knowingly and fraudulently made false oaths in connection with his bankruptcy petition and schedules.  Three specific alleged false oaths are asserted:  1) Debtor's alleged failure to include the sale of a Mercedes to Carmax within 2 years pre-petition;  2) Debtor's alleged failure to schedule a 5 carat diamond ring allegedly acquired for his wife from community assets; and 3) Debtor's alleged failure to disclose that a trust deed was recorded in favor of his son's trust within 2 years pre-petition.[1]

As shown herein, the uncontroverted material facts of this case warrant summary adjudication in the Debtor's favor on the claims alleged in the TAC.  The undisputed facts establish that 1) there was no omission of the sale of the Mercedes from the Debtor's Statement of Financial Affairs because the sale occurred more than 2 years pre-petition; as such, there was no reason to include this sale in the Debtor's SOFA; 2) there was no omission of a "5 carat diamond ring" from the Debtor's schedules, because there is no such community property ring, and discovery has not elicited any viable evidence of any such ring; and 3) the Debtor's inadvertent omission of the fact that a deed of trust (which was disclosed) was issued within the 2 years prepetition was neither material, nor was it done knowingly or fraudulently, as Debtor fully disclosed all relevant information to his then attorney, who appears to have inadvertently omitted it from the SOFA, though the trust deed was listed in Debtor's schedules.  Moreover, Debtor freely testified about this trust deed and never attempted to conceal it, further undermining any claim of false oath or fraudulent intent.

Plaintiffs cannot show that Debtor acted with the requisite knowledge and intent, or that the allegedly false statements were material, such as to form any basis to deny his

---

[1] The TAC also asserts in para. 27 that other presently unspecified false oaths may have been made, but does not identify any such alleged false oaths.

discharge Ultimately, the undisputed facts demonstrate that the claims in the TAC relating to the Mercedes, diamond ring and deed of trust are ripe for summary adjudication in the Debtor's favor.

## II.  BACKGROUND AND STATEMENT OF UNDISPUTED FACTS

As the facts are not in dispute, and discovery in this adversary proceeding his closed, this case is ripe for summary adjudication.

**A.**      Bankruptcy Case, Jurisdiction and Venue

On July 22, 2022 (the "**Petition Date**"), Debtor filed a voluntary petition under Title 11, Chapter 11 of the United States Code (the "**Code**"), originating this Bankruptcy Case, entitled In re Sam Usamah Khulusi, Case No. 2:22-bk-13980-VZ ("**Bankruptcy Case**"). *SUF 1*.[2]

This Court has jurisdiction under 28 U.S.C. §§ 157, 1132 and 1334(a) over the subject matter of this proceeding because the claims asserted herein relate to a case pending under the Bankruptcy Code for the Central District of California, Los Angeles Division (the "**Bankruptcy Court**") and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code. *SUF 2.*

Per 28 U.S.C. §§ 1408 and 1409, venue is proper in the Central District of California, Los Angeles Division, because the Bankruptcy Case is pending in this district and division.  See also Federal Rules of Bankruptcy Procedure (FRBP) 7001.  *SUF 3.*

The deadline under 11 U.S.C. § 546(a) to file avoidance actions expired on November 22, 2024. *SUF 4*.

---

[2] References to the SUF (Statement of Uncontroverted Facts) include references to the Sam Khulusi Declaration ("**Khulusi Declaration**") and J'aime Williams Kerper Declaration ("**Kerper Declaration**") filed herewith and referenced therein.  Additionally, the Debtor respectfully requests the Court take judicial notice per Federal Rule of Evidence (FRE) FRE 201 of those facts which it may property so notice, including the Debtor's statements in his bankruptcy papers, and the pleadings on file in this bankruptcy case and Adversary.

NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION

**B.**    The Debtor

The Debtor is a retired individual who was in his late 60's when the petition was filed, and is now age 70. *SUF 5.*

**C.**    The Plaintiffs

The Plaintiffs are prepetition litigants who are disputed creditors.  *SUF 6.*  Plaintiffs filed their original proofs of claim on December 16, 2022, and have each amended their proofs of claim twice. *SUF 7.*  Objections to each of Plaintiff's proofs of claim were timely filed and objections to the most recent versions are currently pending, however, litigation of the objections has been stayed by order of this Court. *SUF 8.*

**D.**    This Adversary Case and Plaintiffs' Allegations

On October 25, 2022, Plaintiffs commenced this adversary proceeding 2:22-ap-01190-VZ (the "**Adversary**"), seeking relief under §§ 523 and 727. *SUF 9.*  Ultimately, after multiple motions to dismiss, the Court ordered Plaintiffs to file separate adversary proceedings for their respective §523 claims, leaving only the §727 claims at issue in the Adversary in Plaintiffs Third Amended Complaint ("**TAC**").  *SUF 10.* Litigation of the 523 adversaries has been stayed by order of this Court. *SUF 11*. Discovery in this Adversary closed on March 25, 2025. *SUF 12.*

In the TAC, Plaintiffs allege that the Debtor knowingly and fraudulently made a false oath or account in connection with his Bankruptcy Case. *SUF 13*. Specifically, the TAC alleges that the Debtor 1) failed to disclose a community property five-carat diamond ring ("**Diamond Ring**") in his schedules, 2) failed to disclose the transfer of a 2008 Mercedes-Benz S-Class S 550 ("**Mercedes**") in Item 18 of his Statement of Financial Affairs ("**SOFA**") which they allege occurred in the 2 years before the Petition Date, and 3) failed to disclose in item 18 of his SOFA the deed of trust (the "**DOT**") recorded against his residence and in favor of Malek Khulusi ("**Malek**") which occurred just shy of 2 years before the Petition Date on July 27, 2020.  *SUF 14*. The TAC alleges that other false oaths may have been made but does not identify any such alleged additional false oaths. *SUF 15.*

**E.**      The Transfer Of The Mercedes Occurred More Than 2 Years Pre-Petition

The Mercedes was sold to Carmax for $7,600 on July 13, 2020. **SUF 16**. This was an arms-length sale to an unrelated third party, which the Debtor understands was for fair value. **SUF 17**.

This transfer of the Mercedes to Carmax occurred more than 2 years before the Petition Date. **SUF 18**. As such, there is no omission or false oath in Debtor's schedules with reference to the Mercedes. **SUF 19.**

**F.**      The Diamond Ring

Plaintiffs have not produced any evidence to support their contention that an alleged Diamond Ring was community property of the Debtor's as of the Petition Date. **SUF 20**. Indeed, Plaintiffs contend that the alleged Diamond Ring would traditionally have been gifted to the Debtor's wife either by the Debtor or his family prior to the marriage. **SUF 21**. Based on this contention, if correct, the alleged Diamond Ring would be Debtor's wife, Layla Khulusi ("**Layla**")'s separate property (**SUF 21)**, so it is unclear exactly what theory Plaintiffs are proffering regarding the alleged diamond ring.

In their responses to Debtor's discovery requests around Plaintiffs' assertions regarding the alleged diamond ring, Plaintiffs produced unauthenticated photos of Layla wearing an unidentified ring. **SUF 22**. See also Kerper Declaration and photographs attached thereto as Exhibit Q. In addition to being unauthenticated, these photos were from unknown dates, times and places, except for one photo (also unauthenticated) apparently dated November 14, 2014. **SUF 22**. None of these photos establish that Layla owned or owns a diamond ring, or the value of any such ring and whether the alleged diamond(s) in the photos are real, or that any such ring is community property or Debtor's property. **SUF 22**. Plaintiffs' discovery responses also included Dr. Farrukh's assertion that he saw a diamond ring on Layla's hand in 2008 or 2009, which he described in detail despite offering no basis for his expertise in such matters. See Exhibit P to Kerper Decl. Further, Plaintiffs on the one hand state that they believe the ring was acquired during the marriage because they didn't see it until a date after the marriage, but

NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION

on the other hand assert that if Layla did have such a ring, it would have been gifted to her before the marriage. Id.

The only diamond rings the Debtor has ever purchased for Layla are the 2 rings that he bought her prior to their 1987 wedding. One of the rings was a gold band with a small single diamond, and the other was a very thin gold band with a few tiny diamonds inserted around the band. **SUF 23**. The Debtor has not purchased a diamond ring for Layla during their marriage. **SUF 24.**

**G.**   The DOT

On or about January 31, 2006, the Debtor personally guaranteed the promissory note ("**Eruces Note**") issued by Eruces, Inc. ("**Eruces**") in favor of the Malek R. Khulusi Irrevocable Trust Date 11/30/94 ("**Malek Trust**") and the Kareem Khulusi Irrevocable Trust Dated 11/30/94 ("**Kareem Trust**"). The total amount of the Eruces Note was $4,500,000. **SUF 26**. Eruces failed to pay the obligations due under the Eruces Note and went out of business in 2016-2017. **SUF 27**

The Malek Trust and Kareem Trust retained Loe Law Group to demand payment of the amounts due under the Debtor's guarantee of the Eruces Note, by letter dated May 1, 2020. **SUF 28**.

In an effort to resolve the dispute over the Eruces Note with the Malek Trust and the Kareem Trust, the Debtor issued a Promissory Note dated May 27, 2020 in favor of the trusts (the "**Promissory Note**") in the principal amount of $11,025,000. **SUF 29.** The Promissory Note provided that it would be secured by a $1,000,000 Deed of Trust in favor of the Malek Trust. **SUF 30.** Accordingly, on July 27, 2020, the Debtor and his wife, as trustees of the Khulusi Family Revocable Trust dated 10/26/1993 ("**Khulusi Family Trust**") executed the Note Secured By Deed of Trust with Malek Khulusi for $1,000,000 ("**Malek Note**"), secured by the Debtor's residence located at 12 Rawhide Lane, Rolling Hills Estates, CA (the "**Debtor's Residence**"). **SUF 31.** The DOT securing the Malek Note was dated July 27, 2020 and recorded on July 29 2020, just 7 days inside the 2 years pre-petition. **SUF 32.**

On July 20, 2022, the Modification ("**Modification**") to the DOT was recorded to correct the name of the beneficiary under the DOT from Malek Khulusi personally to Malek Khulusi, as co-trustee of the Malek Trust.  *SUF 33.*

That same day, the Debtor emailed his then bankruptcy counsel, Andrew Bisom ("**Bisom**"), who was preparing the Debtor's bankruptcy filing, attaching a copy of the Modification which showed the date and recording number of the DOT, and confirming the Debtor's understanding that, other than correcting the name of the beneficiary, the Modification did not in otherwise affect the Malek Note or DOT.  *SUF 34.*  This email confirms that the date of the DOT was disclosed to Bisom by the Debtor. *SUF 35.*

When the Debtor commenced this Bankruptcy Case, he included in his schedules the debt owed to the Malek Trust under the Promissory Note and DOT as a secured debt against his Residence. *SUF 36.*  At the time that the Debtor's SOFA was prepared, he did not understand that the granting of a security interest in his Residence qualified as a transfer to be listed under SOFA Item 18.  *SUF 37.*

The DOT was listed in Debtor's schedules as a secured debt and was never concealed.  *SUF 38.* It was never the Debtor's intention to conceal the recording of the DOT, and he specifically included the debt owed to the Malek Trust under the DOT in his schedules. *SUF 38.*  The Debtor relied on his counsel's ability to correctly advise on and correctly complete the schedules and SOFA, and was unaware of any errors when he signed them.  *SUF 40*. When the Debtor approved and signed his petition and schedules, he was unaware of any incorrect or missing information regarding the DOT or otherwise*. SUF 44.*

At the meeting of creditors, the Debtor truthfully answered questions raised by the U.S. Trustee and Plaintiffs about the DOT, and stated that 1) the DOT was the result of settling with the Trusts regarding the personal guarantee of the Eruces Note, and 2) that the DOT was recorded within the 2 years preceding the Petition Date. *SUF 41.*

When questioned about the modification of the DOT at the 341a meeting, the Debtor noted that no money had changed hands in connection with the modification.  This

NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION

was because the modification was only to correct the name of the beneficiary and is unrelated to the fact that the original DOT was issued for real consideration, i.e. to secure the Debtor's obligations under the guaranty of the Eruces Note. *SUF 42.*

Plaintiffs do not contest the truthfulness of Debtor's 341a testimony. *SUF 43.*

Plaintiffs have been investigating the DOT transfer nearly the entirety of this Bankruptcy Case. *SUF 46.* The Debtor has never taken any steps to conceal the DOT or the date it was recorded, nor was it ever his intention to do so. **SUF *45.***

In addition to the fact that the DOT was listed in Debtor's schedules, the omission of the DOT from the 2 year transfers question in item 18 of the SOFA was merely a misunderstanding of what needed to be included in SOFA item #18. **SUF 47.** All of the information regarding the DOT had been provided to Debtor's counsel who failed to include the DOT in the SOFA disclosures. **SUF 47.**

## III.  ARGUMENT

**A.**     Standard for Summary Adjudication

Under Fed. R. Civ. P. 56, as made applicable by Bankruptcy Rule 7056, a defendant may move at any time for full or partial summary judgment, which should be granted if defendant shows:

> that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Rule 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

While the initial burden of demonstrating the absence of a material factual dispute rests with the movant, once met, the burden then shifts to the non-moving party to present "significant probative supporting evidence" that a factual dispute exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). To overcome summary adjudication, the non-moving party must "designate **specific** facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324 (emphasis added).

A factual dispute can only arise if the issue is both "genuine" and "material".  To show a "genuine" issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Similarly, factual issues are only "material" if they "might affect the outcome of the suit under the governing law."  Anderson, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, *quoting* First National Bank of Arizona v. Cities Service Co., 391 U.S. 253 (1968).

Importantly, in the Ninth Circuit, summary adjudication is "the principal tool by which factually insufficient claims or defenses can be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." U.S. *ex rel*. Anderson v. N. Telecom, Inc., 52 F.3d 810, 815 (9th Cir. 1995) (quoting Celotex, 477 U.S. at 327) (alterations omitted).

Summary adjudication is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Civil Rule 56(a), incorporated by Federal Rule of Bankruptcy Procedure (FRBP) 7056; Barboza v. New Form, Inc. (*In re* Barboza), 545 F.3d 702, 707 (9th Cir. 2008).

**B.**    Standard To Deny Discharge Under 11 U.S.C. § 727(a)(4)

Bankruptcy Code Section 727(a)(4)(A) provides, "(a) The court shall grant the debtor a discharge, unless-- (4) the debtor knowingly and fraudulently, in or in connection with the case-- (A) made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

As the Ninth Circuit has stated,

> In keeping with the 'fresh start' purposes behind the Bankruptcy Code, courts should construe § 727 liberally in favor of debtors and strictly against parties objecting to discharge." Bernard v. Sheaffer (In re Bernard), 96 F.3d 1279, 1281 (9th Cir.1996). This does not alter the burden on the objector, but rather means that "***actual, rather than constructive, intent is required***" on the part of the debtor. In re Khalil, 379 B.R. at 172.

NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION

Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir.2010)(emphasis added).

Courts are to "construe § 727 liberally in favor of debtors and strictly against parties objecting to discharge." Retz, 606 F.3d at 1196. To obtain a denial of discharge under § 727(a)(4)(A), it is the objector's burden to show by a preponderance of the evidence that: "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." Retz, 606 F.3d at 1197. "A false statement or an omission in the debtor's bankruptcy schedules or statement of financial affairs can constitute a false oath." However, even where a debtor concedes a petition contains false statements, the court must still find the debtor acted with the requisite knowledge and intent, and that the false statements were material in order to deny a discharge." In re Lewis, 551 B.R. 41, 53 (Bankr. E.D. Cal. 2016) (internal citation omitted).

"A fact is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property. An omission or misstatement that detrimentally affects administration of the estate is material. Retz, 606 F.3d at 1198 (internal citations omitted). An omission may be material if it "adversely affects the trustee's or creditors' ability to discover other assets or to fully investigate the debtor's pre-bankruptcy dealing and financial condition. Similarly, if the omission interferes with the possibility of a preference or fraudulent conveyance action the omission may be considered material." In re Retz, 364 B.R. 742, 759 (Bankr. D. Mont. 2007).

"A debtor "acts knowingly if he or she acts deliberately and consciously." Id. (quoting Khalil, 379 B.R. at 173)(quotation marks omitted)). Generally, a debtor's good faith reliance on the advice of his attorney "lacks the intent required to deny him a discharge of his debts." Retz, 606 F.3d at 1199.

"A debtor acts with fraudulent intent when: (1) the debtor makes a misrepresentation, (2) that at the time he or she knew was false, and (3) with the intention

and purpose of deceiving creditors." Id at 1198-99. "Constructive fraudulent intent cannot be the basis for denial of discharge, but fraudulent intent may be established by circumstantial evidence, or by inferences drawn from a course of conduct." In re Devers, 759 F.2d 751, 753–54 (9th Cir. 1985). "Reckless indifference or disregard for the truth may be circumstantial evidence of intent, but are not enough alone to constitute fraudulent intent." Retz, 606 F.3d at 1199.

**C.**     The Debtor Is Entitled to Summary Adjudication In His Favor Relating To The Mercedes

The sale of the Mercedes to Carmax occurred on July 13, 2020.  **SUF 12.** July 13, 2020 is more than 2 years prior to the Petition Date of July 20, 2022.  There can be no genuine dispute as to these material facts.  Accordingly, there is no basis to include this transfer in the Debtor's SOFA, the Debtor did not make a false statement or false oath by omitting this transfer from his SOFA, and the Debtor is entitled to summary adjudication on this claim.

**D.**      The Debtor Is Entitled to Summary Adjudication In His Favor Relating To The Diamond Ring

There is no evidence that the Debtor omitted any diamond ring from his schedule of assets, as there is no evidence that either the Debtor owned a diamond ring on the Petition Date, or that Layla owned a diamond ring on the Petition Date as community property. The Debtor has testified that there is no Diamond Ring, and he has not purchased a diamond ring (or for that matter any jewelry) for Layla during their marriage. Moreover, the unauthenticated and undated photographs of Layla produced by Plaintiffs fail to provide any evidence that Layla owned a diamond ring on the Petition Date, or that any ring pictured was real, much less a 5-carat diamond, or that it was a community asset purchased with community funds.

The only evidence of the Diamond Ring in Plaintiffs' discovery responses are Plaintiffs Abdallah and Daad Farrukh's self-serving contentions that they have seen the alleged Diamond Ring on Layla at some time pre-petition, which Dr. Farrukh, with no

foundation, and no basis for his alleged expertise on such matters, asserts was a 5 carat ring of a certain color and clarity with a value of over $100K.  Even if any of this had any basis in reality, the allegations would still be woefully insufficient to support the notion that the alleged ring is community property or part of the Debtor's estate, as Plaintiffs assert. Moreover, as discovery is now closed, Plaintiffs may not attempt to introduce new evidence regarding any such diamond ring.

Further, if Layla did own a Diamond Ring on the Petition Date, Plaintiffs' discovery responses actually contend that the Diamond Ring would have been acquired pre-petition as a pre-marriage gift to Layla, which necessarily renders the ring Layla's separate property under California Family Code § 770, which provides:

> (a) Separate property of a married person includes all of the following:
> (1) All property owned by the person before marriage.
> (2) All property acquired by the person after marriage by gift, bequest, devise, or descent.
> (3) The rents, issues, and profits of the property described in this section.
> (b) A married person may, without the consent of the person's spouse, convey the person's separate property.

Cal. Fam. Code § 770.

Plaintiffs' convoluted and unsupported assertions in their discovery responses regarding the alleged Diamond Ring are insufficient to create a triable issue of fact regarding whether the Debtor's estate includes a diamond ring.  And, as discovery is now closed in this adversary, Plaintiffs may not introduce any new evidence to support their claim that the Debtor or the community owns a diamond ring.  As there are no facts to support Plaintiffs' claim that a community property Diamond Ring existed on the Petition Date, the Debtor cannot have made a false statement by omitting any such alleged ring from his schedules.  Accordingly, the Debtor is entitled to summary adjudication in his favor related to Plaintiffs' claim regarding the alleged Diamond Ring.

**E.    The Debtor Is Entitled to Summary Adjudication In His Favor Relating To The DOT**

The Debtor concedes that the DOT against his Residence - given on July 27, 2020, just a few days shy of 2 years prior to the Petition Date - was inadvertently omitted from

this SOFA.  However, there is no question of material fact that this omission was not material and that the Debtor did not cause this omission knowingly or fraudulently, or with the intent to deceive Debtor's creditors.

**_1._**      The Omission Of The Recording Of The DOT Within The 2 Years Pre-Petition From Debtor's Responses In The SOFA Is Not Material

The Debtor's omission of the DOT from item 18 in the SOFA was not, and is not, material, as nothing would have happened differently in the administration of his bankruptcy estate had the transfer been included.

First, the DOT was disclosed in Debtor's schedules, and was never concealed; rather, the date of its recording, within 2 years pre-petition, was inadvertently omitted from Debtor's response to question 18 of the SOFA.

Second, the DOT was granted for reasonably equivalent value, as partial security for the enormous debt the Debtor owed the Malek Trust under his guaranty of the Eruces Note, and subsequent Promissory Note.  Accordingly, there was never a time where the DOT transfer could have been avoided, and as such, the inadvertent omission from the SOFA had no effect whatsoever on the administration of the bankruptcy estate.

Third, the inadvertent omission of the DOT from the SOFA demonstrably has not "adversely affect[ed] the trustee's or creditors' ability to discover other assets or to fully investigate the debtor's pre-bankruptcy dealing and financial condition." In re Retz, 364 B.R. 742, 759 (Bankr. D. Mont. 2007).  To the contrary, not only did the U.S. Trustee (as well as Plaintiffs' counsel) question the Debtor about the DOT at the 341a meeting, but the Plaintiffs have been investigating this transfer nearly the entirety of this Bankruptcy Case.  Consequently, the Debtor and his counsel's oversight in the SOFA has had no impact – material or otherwise – on the administration of the estate. [3]

---

[3] It should also be noted that the deadline (as extended by stipulation) under 11 U.S.C. § 546(a) to file an action to avoid the DOT expired on November 22, 2024.  Accordingly, as there is no ability for anyone to even attempt to avoid the DOT, the omission of the DOT from the SOFA is immaterial.

12

NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION

Accordingly, since the undisputed facts demonstrate that the omission of the DOT from the SOFA was not material, Plaintiffs cannot prevail on this §727 claim, and the Debtor is entitled to summary adjudication in his favor.

### *2.* The Omission Was Not Made Knowingly

Even if Plaintiffs could assert that the omission of the DOT from the SOFA is material, the Debtor did not knowingly cause this omission. To the contrary, he provided all of the relevant information regarding the DOT to Bisom, who, for unknown reasons, but most likely an oversight, did not include the DOT transfer in the SOFA.  Moreover, at the time the Debtor reviewed and signed the SOFA, he did not understand that the granting of a security interest in his Residence qualified as a transfer of property that needed to be listed under SOFA Item 18.

Accordingly, since the indisputable facts establish that the omission of the DOT from the SOFA was not done knowingly, Plaintiffs cannot prevail on this §727 claim, and the Debtor is entitled to summary adjudication in his favor.

### *3.* The Omission Was Not Made Fraudulently

Similarly, the omission of the DOT from the SOFA was not done fraudulently.  In order for the omission to be fraudulent, the Debtor must have caused the omission "with the intention and purpose of deceiving creditors."  In re Retz, 606 F.3d at 1198-99. The Plaintiffs cannot raise any material issues of fact regarding the Debtor's lack of fraudulent intent because the undisputed facts show 1) the Debtor provided the information to his counsel regarding the DOT, 2) the debt owed to the Malek Trust was included in the Debtor's schedules and the date of recording easily ascertained from public record, 3) the Debtor has never denied that the DOT was recorded in the 2 years pre-petition, at his 341a meeting or otherwise, and he freely and truthfully testified in response to questions about the DOT at his 341a meeting.  This case is thus very different from cases such as In re Martinez, 500 B.R. 608 (Bankr. N.D. Cal. 2013), In re Taylor, 720 F. App'x 413 (9th Cir. 2018), In re Kohler, No. AP 12-01405-VK, 2016 WL 762458 (B.A.P. 9th Cir. Feb. 25, 2016), In re Tiscareno, 551 B.R. 1 (Bankr. N.D. Cal. 2016) or In re Pynn, 546 B.R. 425

(Bankr. C.D. Cal. 2016) where debtors' discharges were denied based on not only omission of assets from the schedules and transfers from the statement of financial affairs, but also false testimony, concealment and actual hinderance to creditors, none of which occurred here.  Ultimately, nothing about the Debtor's conduct in the present case could in any way support a finding that the omission of the recording of the DOT within 2 years of the petition date from his response to question 18 in the SOFA was done to intentionally deceive creditors.

Accordingly, since the indisputable facts establish that the omission of the DOT from the SOFA was not done fraudulently, Plaintiffs cannot prevail on this §727 claim, and the Debtor is entitled to summary adjudication in his favor.

## IV.  CONCLUSION

Based upon the foregoing, the Debtor respectfully submits that the uncontroverted facts supported by the evidence firmly establishes that summary adjudication of the claims in the TAC should be entered in favor of the Debtor in this Adversary Proceeding, as well as judgment for any other relief the Court deems just and appropriate.

Dated:  April 17, 2025                       LESLIE COHEN LAW, PC


By:  /s/  Leslie A. Cohen
     Leslie A. Cohen
     Counsel for Debtor

NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1615-A Montana Avenue, Santa Monica, CA 90403

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEROF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
____04/17/2025___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;bryn@lesliecohenlaw.com
Ahmed Ibrahim    aibrahim@ailawfirm.com, 8660841420@filings.docketbird.com
Giovanni Orantes    go@gobklaw.com,
cmh@gobklaw.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com,andreac@gobklaw.com,normay@gobklaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov          ☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ____04/17/2025___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Vincent Zurzolo
United States Bankruptcy Court
255. E. Temple St. Suite 1360
Los Angeles, CA 90012

                                                    ☐ Service information continued on attached page
**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.  ☐          Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/17/2025 | Bryn Everett | /s/ Bryn Everett |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**